UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GEORGE MECHE | DOCKET NO. 07-CV-1555; SEC. P. |
| VERSUS | JUDGE DRELL |
| TIM WILKINSON | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff George Meche, which was initially filed in the Middle District of Louisiana. The case was transferred to the Western District on September 17, 2007, and Plaintiff has been allowed to proceed *in forma pauperis*. [Doc. #7] Meche is an inmate at Winn Correctional Center in Winnfield, Louisiana. He names as defendant Warden Tim Wilkinson. Meche complains that there is a "hit out on him," and he seeks only injunctive relief in the form of a transfer to another prison.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

## STATEMENT OF THE CASE

This is Plaintiff's second lawsuit filed in thirty days wherein he claims that there is a "hit" out on him. He also complains that the warden hates him because he is homosexual. Plaintiff seeks relief in the form of a transfer to another prison facility.

## LAW AND ANALYSIS

To the extent that Plaintiff seeks a preliminary injunction, Plaintiff must prove 1) a substantial likelihood of success on the merits of his case; 2) a substantial threat that failure to grant the order will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause Defendants; and 4) the injunction will not have an adverse affect on the public interest. See Neal v. Federal Bureau of Prisons, 76 Fed.Appx. 543, 545-546, 2003 WL 22120976, 2 (5th Cir. 2003); citing Women's Med. Ctr. v. Bell, 248 F.3d 411, 418-420 (5th Cir.2001). Plaintiff must prove all four elements, and failure to prove any one of them will result in denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

Plaintiff has not shown that a substantial threat of irreparable injury exists. Plaintiff alleges no facts beyond the conclusory allegations that a "hit" on him exists, suggesting that some inmate might assault him in the future. See id., citing Howard v. King, 707 F.2d 215, 219-220 (5th Cir.1983).

Moreover, Plaintiff cannot show a substantial likelihood of success on the merits of his case. A prisoner has no constitutional right to be housed in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983). Additionally, pursuant to Procunier v. Martinez, 416 U.S. 396 (1974), the decisions of a

state prison administration are given wide discretion regarding the operation of prison facilities. In questions pertaining to prison administration according to McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990), and following the lead of the Supreme Court, there is established a "minimum intrusion policy" into prison administration decisions. Classification of prisoners is left to the discretion of prison officials, Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983), and McCord v. Maggio, supra, at 1251; Luong v. Hatt, 979 F. Supp. 481, 483-484 (N.D. Tex. 1997).

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

3

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 14th day of November, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE